UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIQUE DEWAYNE GULLEY-FERNANDEZ,
DAMIEN M. GRIFFIN, and
CARLOS D. LINDSEY,

      Plaintiffs,

    -vs-                                    Case No. 15-CV-795

DR. TRACY JOHNSON, DR. STACEY HOEM,
TORI SEBRANEK, GARY ANKARLO,
DAVID GARDNER, WARDEN GARY BOUGHTON,
CATHY A. JESS, and MARK HEISE,

      Defendants.

## SCREENING ORDER

The pro se plaintiffs are Wisconsin state prisoners. They filed a complaint under 42 U.S.C. § 1983 alleging that their civil rights were violated. This matter is before the Court on the plaintiffs' petitions to proceed *in forma pauperis*, request for class certification, screening of the complaint, and several other motions. The plaintiffs lack the funds to pay initial partial filing fees. *See* 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a

- 3 -

person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## Complaint Allegations

The plaintiffs—Dominique DeWayne Gulley-Fernandez, Damien M. Griffin, and Carlos D. Lindsey—allege that the defendants have not adequately treated their mental health care needs at the Wisconsin Secure Program Facility (WSPF). The plaintiffs were incarcerated at WSPF when they filed the complaint, and Gulley-Fernandez and Lindsey are still there. Griffin is now at Green Bay Correctional Institution.

1. <u>Plaintiff Gulley-Fernandez</u>

Gulley-Fernandez alleges that he has been diagnosed with attention deficit hyperactivity disorder, conduct disorder, borderline personality, bipolar manic depression disorder, mood disorder, post-traumatic stress disorder, and gender identity disorder. While at Dodge Correctional Institution, two psychiatrists changed his bipolar diagnosis to bipolar

affective disorder, changed his mental health code from "MH-2" to "MH-1," and subsequently transferred him to WSPF.

Gulley-Fernandez alleges that his serious mental health needs are not being met at WSPF. He wrote defendant WSPF Administrative Captain David Gardner three letters about his health care needs, but Gardner has not responded. Additionally, defendants Tracy Johnson and Tanya Sebranek, who are psychologists at WSPF, are denying him adequate mental health treatment because they keep saying that he is malingering and exaggerating his diagnoses, which he is not doing. Gulley-Fernandez has written defendant Administrator of the Division of Adult Institutions Cathy Jess several times, explaining what he is going through and asking her to have the Warden transfer him to another institution where he can get the treatment he needs. He has also written defendant WSPF Warden Gary Boughton several letters seeking treatment, and Boughton just tells him to continue to work with staff. Lastly, Gulley-Fernandez wrote several letters to defendant Mark Heise, who is the Director of Bureau of Offender Classification and Movement, asking if he could be moved to another prison where he could get the adequate mental health treatment he needs.

2. Plaintiff Griffin

Griffin alleges that he was diagnosed with anti-social personality disorder while at Dodge Correctional Institution. Due to his "maladaptive conscious reasoning," Griffin displays erratic and impulsive behavior which leads to voluntary and involuntary placements in clinical observation status, as well as "acting out self-destructively and getting conduct reports for disobeying orders, disruptive conduct, disrespect and possession, manufacture or use of weapons, fighting and soliciting staff." (ECF No. 1 at 7.) On March 1, 2012, Griffin was transferred to Stanley Correctional Institution. While there, he was placed in clinical observation status for trying to drown himself in the toilet.

On March 23, 2015, Griffin was transferred to WSPF. He was voluntarily placed on clinical observation status on March 27, 2015, because he wanted to be monitored due to having suicidal thoughts. Griffin has a history of chronic depression, post-traumatic stress disorder, anxiety, schizotypal, attention deficit hyperactivity disorder, bipolar mood disorder, and maladaptive conscious reasoning. He has been asking WSPF staff to evaluate him for treatment for his mental health disorders, but staff members continue to ignore his treatment needs and only diagnose him with antisocial personality disorder.

Griffin talked to defendant WSPF psychologist Stacy Hoem about his mental health problems, but she overlooked and ignored his treatment needs. Defendant Sebranek told Griffin to try the "New Freedom in Cell Coping Skills Program," but that program is ineffective. Staff members continue to misdiagnose Griffin and his mental health code was changed to MH-1 status to keep him at WSPF.

3. <u>Plaintiff Lindsey</u>

Lindsey alleges that he has been diagnosed with a mood disorder, major depression, attention deficit hyperactivity disorder, post-traumatic stress disorder, childhood onset conduct disorder, mild retardation, and bipolar manic disorder. He continues to show problems with anger, anxiety, and aggressive behavior, which has escalated during his placement at WSPF. Lindsey alleges that he has "constantly" reported to defendants Hoem, Johnson, and Sebranek that he has auditory and visual hallucinations related to his post-traumatic stress disorder. He alleges that defendants are not providing him with adequate mental health treatment he needs to treat his diagnoses.

Each plaintiff seeks $500,000 compensatory damages and $300,000 punitive damages. (ECF No. 1 at 7.) Later in the complaint, plaintiffs state that they seek monetary judgments of $9.25 million, $100,000

compensatory damages, and $50,000 punitive damages. (ECF No. 1 at 15.) They also seek a preliminary injunction to be transferred from WSPF to either the Wisconsin Resource Center or the Columbia Correctional Institution, so that they can be evaluated by an independent, licensed psychologist or psychiatrist. (ECF No. 1 at 15.) The plaintiffs state that this "is an actual life or death situation" and that they are in danger of future violations of their rights if they remain at WSPF. *Id.*

In addition to their individual complaint allegations, the plaintiffs seek to bring a class action lawsuit,

> for inadequate mental health treatment, deliberate indifference, negligence towards our mental health treatment needs, discrimination, cruel and unusual punishment, staff misconduct, retaliation, emotional distress, intentional infliction of emotional distress, pain and suffering, mental anguish, and violation of our 8th Amendment and Americans w/ Disabilities Act.

(ECF No. 1 at 6.) The plaintiffs allege that WSPF psychology and clinical staff continue to provide them with "inadequate mental health care/treatment, lack of communication, misdiagnosing us, and torture." (ECF No. 1 at 13.) On behalf of the class, the plaintiffs seek $25.5 million and a preliminary injunction. (ECF No. 1 at 7.)

### **Request for Class Certification**

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a class

- 8 -

must be provided adequate representation. Because of this requirement, courts have repeatedly declined to allow *pro se* prisoners to represent a class in a class action. *See e.g., Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action; *Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D. N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interest of his fellow inmates in a class action."); *see also Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

The plaintiffs do not identify a class of litigants they seek to represent. In addition, they are proceeding *pro se*. Based on these factors, the Court will deny their request for class certification.

**<u>Joinder of Plaintiffs</u>**

Having denied their request for class certification, the plaintiffs may wish to proceed jointly in this action. *See* Fed. R. Civ. P. 20(a) (joinder of multiple plaintiffs in one action is proper only if, "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and any equation of law or fact common to all plaintiffs will arise in the action.").

However, there are at least two reasons the plaintiffs may wish to avoid group litigation. First, group litigation is challenging, and potentially costly, in that each plaintiff must sign each filing before submitting it to the Court for filing. Filings not signed by each *pro se* plaintiff may not be accepted by the Court. This is logistically challenging especially when, as in this case, the prisoners are confined at different institutions. Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Fed. R. Civ. P. 11." *Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). A prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. *Id.* at 855.

The plaintiffs should keep these issues in mind in deciding whether they want to proceed jointly in this action. The plaintiffs should notify the Court by **January 4, 2016**, whether they would like to proceed as co-plaintiffs on the original complaint.

If the plaintiffs do not want to proceed jointly in this case, one of the plaintiffs may file an amended complaint in this case raising his claims only by **January 4, 2016**, and the other two plaintiffs should then file

- 10 -

notices of voluntary dismissal from this action by **January 4, 2016**. The dismissed plaintiffs are then free to file new complaints in the new cases.[1]

Guides and forms for filing a *pro se* complaint are included along with this order. Plaintiff(s) must use the enclosed forms if filing an amended complaint or original complaint in a new case.

## Motions for Injunctive Relief

The complaint contains a request for a preliminary injunction to transfer the plaintiffs from WSPF to Wisconsin Resource Center or Columbia Correctional Institution so that their mental health issues may be adequately treated. In addition, plaintiff Griffin has filed two identical motions for injunction hearing and temporary restraining order, in which he states that he fears for his safety due to suicidal/homicidal ideation as long as he remains at WSPF (ECF Nos. 7, 20.) Plaintiff Gulley-Fernandez has also filed a separate motion for temporary restraining order and/or motion for immediate injunction hearing (ECF No. 17). He requests that the Court issue an order that the defendants stop harassing him, and to transfer him to Columbia Correctional Institution, Racine Correctional

---

[1] If the dismissed plaintiffs file new complaints raising the same claims raised in this case, this order will be operative for the new cases with regard to the filing fee. That is, the plaintiffs would not have to file pay a second filing fee.

- 11 -

Institution, or Dodge Correctional Institution.

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Griffin is no longer at WSPF, so his request for transfer from that institution is moot. With regard to Gulley-Fernandez and Lindsey, their complaint allegations relate to their mental health treatment and they are serious. However, at this stage, they are allegations. Gulley-Fernandez and Lindsey have not demonstrated an adequate likelihood of success on the merits of their claims. The Court will therefore deny their requests for injunctive relief at this time.

### **Additional Motions**

Gulley-Fernandez has filed a motion to transfer venue to the Western District of Wisconsin (ECF No. 14). He states this motion is filed

on behalf of all plaintiffs, but only he signed it. However, as a *pro se* litigant, Gulley-Fernandez may only represent himself, not other plaintiffs. *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that *pro se* litigants may not proceed on behalf of another). Gulley-Fernandez may not sign papers on behalf of the other plaintiffs. In any event, because the status of the plaintiffs' complaint is unknown, it would be premature to grant the motion at this time.

Gulley-Fernandez has filed a motion for mediation (ECF No. 15). Again, he states this motion is filed on behalf of all plaintiffs, but only he signed it. Moreover, his motion seeking mediation is premature.

Gulley-Fernandez has filed a motion for settlement conference, judicial award of $30,000, preliminary injunction, to waive the initial partial filing fee, and to transfer case to the Western District of Wisconsin should the Court deny this motion (ECF No. 16). He states this motion is filed on behalf of all plaintiffs, but only he signed it. In addition, these issues have been addressed previously in this order, or in previous orders. Thus, his motion will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff Gulley-Fernandez's motion for leave to proceed *in forma pauperis* (ECF No. 2) **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Griffin's motions for injunction hearing and temporary restraining order (ECF Nos. 7, 20) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Griffin's motion for leave to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Lindsey's motion for leave to proceed *in forma pauperis* (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Gulley-Fernandez's motion to change venue (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Gulley-Fernandez's motion for order referring case for mediation (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Gulley-Fernandez's motion for settlement conference, judgment award of $30,000, preliminary injunction, waiving filing fee, and transfer case (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Gulley Fernandez's motion for temporary restraining order and/or injunction hearing (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Griffin's motion for leave to proceed *in forma pauperis* (ECF No. 21) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that on or before **January 4, 2016**, the plaintiffs shall inform the Court if they want to proceed jointly in this case. If the plaintiffs do not want to proceed jointly in this case, one of the plaintiffs may file an amended complaint in this case raising only his claims by **January 4, 2016**, and the other two plaintiffs should then file notices of voluntary dismissal from this action by **January 4, 2016**. The dismissed plaintiffs are then free to file new complaints raising their claims in the new cases.

**IT IS FURTHER ORDERED** that the Clerk's Office mail each plaintiff a *pro se* prisoner complaint form.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from **plaintiff Gulley-Fernandez's** prisoner trust account the $350.00 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case

name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from **plaintiff Griffin's** prisoner trust account the $350.00 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from **plaintiff Lindsey's** prisoner trust account the $350.00 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the

Warden of Wisconsin Secure Program Facility and the Warden of Green Bay Correctional Institution.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiffs shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiffs are no longer incarcerated at one of those institutions, they will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 1st day of December, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**