## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DOMINIQUE DEWAYNE GULLEY-FERNANDEZ
and CARLOS D. LINDSEY,

        Plaintiffs,

      **-vs-**                     **Case No. 15-CV-795**

DR. TRACY JOHNSON, et al.,

        Defendants.

## DECISION AND ORDER

On December 1, 2015, the Court ordered plaintiffs Gulley-Fernandez and Lindsey, and former plaintiff Griffin, to inform the Court by January 4, 2016, if they wanted to proceed jointly in this case. The Court ordered that if they did not want to proceed jointly, one of the plaintiffs could file an amended complaint in this case raising only his claims and the other two plaintiffs should then file notices of voluntary dismissal from this action. The dismissed plaintiffs were then free to file new complaints raising their claims in the new cases. (Dkt. No. 36 at 15.)

Plaintiff Griffin has filed a notice of voluntary dismissal from this action. (Dkt. No. 41.) He has not yet filed a new case, but his notice of voluntary dismissal states that he intends to do that soon.

Plaintiff Lindsey did not file a notice of voluntary dismissal in this

case, nor did he file an amended complaint in this case.  But he did file a new case, *Lindsey v. Hoem*, Case No. 16-cv-43-RTR (E.D. Wis.), which raises a claim he raised in the complaint in this case.[1]  Based on these factors, the Court will dismiss plaintiff Lindsey from this action.

Plaintiff Gulley-Fernandez filed an amended complaint in this case on December 29, 2015.[2]  In this pleading, he alleges that the defendants fail to properly treat his gender identity disorder and his mental health issues.  Plaintiff Gulley-Fernandez also alleges that he has been subjected to retaliation for filing grievances.  The plaintiff seeks monetary damages and injunctive relief.

Plaintiff Gulley-Fernandez's allegations regarding treatment for his gender identity disorder and mental health issues state claims under the Eighth Amendment.  However, he does not implicate any individual defendant with respect to his retaliation allegations, and he does not allege any retaliatory actions.  Thus, plaintiff Gulley-Fernandez may not proceed on a retaliation claim.

---

[1] The Court's December 1, 2015, order is operative for the filing fee in Case No. 16-cv-43-RTR.  (Dkt. No. 36 at 11 n.1.)

[2] On December 14, 2015, plaintiff Gulley-Fernandez filed a motion for extension of time to file his amended complaint.  However, his amended complaint was timely filed.  Therefore, the Court will deny as moot the motion to extend time.

- 2 -

Motion for Preliminary Injunction and Temporary Restraining Order

In his amended complaint, plaintiff Gulley-Fernandez seeks a preliminary injunction and temporary restraining order. He requests re-evaluation by an independent psychologist and psychiatrist at the Wisconsin Resource Center for his mental health issues.

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff Gulley-Fernandez alleges that he has received inadequate treatment for his mental health issues. Notably, he alleges that he has received treatment from medical professionals. Whether this treatment falls below constitutional standards remains to be seen. However, at this early stage of the proceedings, plaintiff Gulley-Fernandez has not established the likelihood of success on the merits of his mental health

- 3 -

claim. Accordingly, the Court will deny his request for a preliminary injunction and a temporary restraining order.

Request for Pro Bono Counsel

Plaintiff Gulley-Fernandez has filed a request for pro bono counsel. He also requests that, until the Court appoints legal counsel, the Court mail a copy of all documents in this case to two inmates who have been assisting him with this case.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

- 4 -

Here, plaintiff Gulley-Fernandez has not shown that he attempted to find an attorney on his own related to his individual amended complaint allegations. Even if he had, plaintiff Gulley-Fernandez's filings show that he has a firm grasp on the facts of his case and his claims. Lastly, the Court will not mail copies of orders to inmates who have been assisting with this case because they are not parties to the case.

## ORDER

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for extension of time to file amended complaint (ECF No. 37) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that former plaintiff Griffin's motion for extension of time (ECF No. 38) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff Lindsey is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the amended complaint (ECF No. 39) is the operative complaint in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state

- 5 -

defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**