UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DOMINIQUE DEWAYNE GULLEY-FERNANDEZ,

    Plaintiff,

    -vs-                            Case No. 15-CV-795

DR. TRACY JOHNSON, DR. STACEY HOEM,
TORI SEBRANEK, GARY ANKARLO,
DAVID GARDNER, WARDEN GARY BOUGHTON,
CATHY JESS, and MARK HEISE,

    Defendants.

---

## DECISION AND ORDER

The *pro se* plaintiff, Dominique DeWayne Gulley-Fernandez, filed an amended complaint on January 4, 2016. (Dkt. No. 39.) He is proceeding on Eighth Amendment claims that the defendants have failed to treat his gender identity disorder and mental health issues at the Wisconsin Secure Program Facility. (Dkt. No. 43 at 2.) The plaintiff has filed several motions, and the defendants have filed a motion to consolidate this case with *Gulley-Fernandez v. Johnson*, Case No. 15-cv-995-RTR (E.D. Wis.). All of these applications will be addressed herein.

<u>Proposed Amended Complaint</u>

On February 1, 2016, the plaintiff filed a proposed amended complaint. (Dkt. No. 42.) This pleading raises the same claims as the operative amended complaint (Dkt. No. 39), and it appears redundant. In addition, the plaintiff did not file a motion to amend the complaint, as required by the Local Rules. *See*

Civil L.R. 15(a) (E.D. Wis.). Moreover, as set forth below, the Court is granting the defendants' motion to consolidate this case with the plaintiff's other case (15-cv-995-RTR), and directing the plaintiff to file a comprehensive amended complaint. For all of these reasons, the Court will not consider the plaintiff's February 1, 2016, proposed amended complaint as the operative complaint in this action.

## Plaintiff's Motion to Dismiss Defendants

On February 4, 2016, the plaintiff filed a motion to dismiss three defendants: David Gardner, Troy Hermans, and Gary Boughton. (Dkt. No. 44.) Troy Hermans is not a defendant in this case. Although the plaintiff's request may be accomplished without a court order, *see* Fed. R. Civ. P. 41(a)(1)(A)(i), the Court will grant the motion and dismiss defendants Gardner and Boughton from the action.

## Plaintiff's Motion for Appointment of Counsel

On February 11, 2016, the plaintiff filed a motion for *pro bono* counsel. (Dkt. No. 46.) He contends that because he is not a lawyer he will be unable to adequately present his arguments to the Court. The plaintiff also states that he unsuccessfully attempted to find an attorney on his own.

In a civil case, the Court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a

reasonable effort to hire private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff's filings throughout this case have been very good. They demonstrate that while he alleges he has a mental illness, he understands his claims and can ably present them to the Court at this stage. The plaintiff cites case law and submits documents related to his claims. The Court concludes that he may proceed on his own at this time. Accordingly, his motion to appoint counsel will be denied without prejudice.

<u>Plaintiff's Motion for Medical Expert</u>

On February 16, 2016, the plaintiff filed Motion for Diagnostic Evaluation by an Outside Independent, Trained and Qualified Licensed Psychologist and Psychiatrist. (Dkt. No. 50.) He requests that the Court order that he be evaluated by a psychologist and psychiatrist at the Wisconsin Resource Center. The plaintiff asserts that he does not want to be re-evaluated by a clinician at the Wisconsin Secure Program Facility. He would like the defendants to "make a referral for him to be re-evaluated for PTSD, Bipolar Disorder, OCD, ADHD, and

possibly psychopathy/psychotic disorder." (Dkt. No. 50 at 4.) According to the plaintiff, a referral is the only way to confirm or defer/deny his allegations.

The plaintiff filed the same motion in his other case, *Gulley-Fernandez v. Johnson*, Case No. 15-cv-995 (E.D. Wis.). In that case, the defendants filed a comprehensive response brief together with evidence showing that the plaintiff has received treatment for his gender dysphoria since he first requested treatment for it on May 18, 2015. (Case No. 15-cv-995, Dkt. No. 56.) The defendants' materials also show that the plaintiff has received consistent psychological care at the Wisconsin Secure Program Facility. Specifically,

> 5. Inmate Gulley-Fernandez has been housed at WSPF since March 2011.
>
> 6. Each housing unit at WSPF generally has an assigned clinician. Inmates on that housing unit meet with their assigned clinician as needed. By having an assigned clinician, inmates are able to develop a relationship with their clinician, build trust with the clinician and it also helps ensure continuity of care.
>
> 7. Inmate Gulley-Fernandez's assigned clinician is currently Ms. Sebranek. If Ms. Sebranek is unavailable, Gulley-Fernandez is seen by another PSU staff member.
>
> 8. Gulley has received consistent psychological care while at WSPF. Inmate Gulley-Fernandez has been seen in the Psychological Services Unit (PSU) for clinical contact visits, has been seen cell front for health and psychological rounds, has been seen in confidential booths on the housing units when needed, has received responses to Psychological Service Requests (PSR), has participated in numerous group sessions and has completed the evaluation process for gender dysphoria.
>
> 9. Inmate Gulley-Fernandez's initial request for treatment for gender dysphoria was in a letter to Dr. Tracy Johnson and Dr. Sebranek dated May 18, 2015.

- 4 -

10. After consulting Dr. Kevin Kallas at DOC Central, it was determined that Gulley-Fernandez would be evaluated for gender dysphoria. Dr. Tracy Johnson assigned Dr. Baron Crespo to complete the initial gender dysphoria evaluation.

11. Dr. Crespo completed the initial gender dysphoria evaluation with Gulley-Fernandez on July 8, 2015. Dr. Crespo submitted the evaluation to the Mental Health Director and for review by the Gender Dysphoria Committee. A true and correct copy of this initial evaluation is provided as an attachment to this declaration as EXHIBIT 1000.

12. As per DOC policy, the Gender Dysphoria Committee may consult with an outside consultant to determine treatment recommendations. Gulley-Fernandez met with Cynthia Osborne, MSW, and a gender dysphoria consultant on October 26, 2015. Ms. Osborne released her consultation report on January 20, 2016. A true and correct copy of this consultation report is provided as an attachment to this declaration as EXHIBIT 1001.

13. Since the initial gender dysphoria evaluation with Dr. Baron Crespo, Gulley-Fernandez has met with PSU staff for clinical visits, for meetings on housing units, Health and Psychology rounds, and group meetings at least twenty-five times. Dates of these visits include, but are not limited to, 07/09/2015, 07/16/2015, 07/22/2015, 08/07/2015, 07/28/2015, 08/12/2015, 08/14/2015, 08/18/2015, 08/25/2015, 08/25/2015, 09/15/2015, 09/25/2015, 10/01/2015, 10/07/2015, 10/16/2015, 11/06/2015, 11/10/2015, 11/18/2015, 12/10/2015, 12/16/2015, 12/22/2015, 12/28/2015, 01/04/2016, 1/28/16, 02/18/2016 and 02/25/2016.

(Case No. 15-cv-995, Dkt. No. 56 at 2-4.)

Cynthia Osborne's 49-page Gender Dysphoria Consultation Report, referenced above, outlines all of the mental health care the plaintiff has received while incarcerated. Ms. Osborne's report states that the plaintiff was appropriately diagnosed with antisocial personality disorder, but that he did not meet the diagnostic criteria for gender dysphoria. According to the defendants,

- 5 -

"Ms. Osborne's report demonstrates that DOC has not hesitated to seek a qualified expert to assess Gulley's mental health concerns and recommend appropriate treatment. He has received consistent mental health care while confined at WSPF." (Case No. 15-cv-995, Dkt No. 56 at 10.)

Federal Rule of Evidence 706 authorizes the Court to appoint an expert to assist the trier of fact, not to prove a party's case. *See Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014) ("A court may appoint an expert to help sort through conflicting evidence, …, but it need not appoint an expert for a party's own benefit…"). At this stage, the Court does not need an expert to understand the plaintiff's symptoms or his claims. (*See* Case No. 15-cv-995-RTR, Dkt. No. 57 [Affidavit of Stacy Hoem], Dkt. No. 57-1 [Exhibit 1000, Psychological Services Clinical Contact, Initial GD Consultation], Dkt. No. 57-2 [Exhibit 1001, Cynthia Osborne Gender Dysphoria Consultation Report].) Accordingly, the Court will deny the plaintiff's request for appointment of an expert.

<u>Plaintiff's Motion for Preliminary Injunction<br>and/or Temporary Restraining Order</u>

On February 22, 2016, the plaintiff filed a motion for a temporary restraining order and/or preliminary injunction. (Dkt. No. 51.) He requests immediate transfer to another institution where he will not be subjected to retaliation, discrimination, harassment, or inadequate mental health treatment.

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has

some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The plaintiff is not proceeding on any harassment or retaliation claims. Thus, he may not seek injunctive relief based on these allegations. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)).

To the extent that the plaintiff seeks transfer to another institution so that he may receive adequate mental health care, the defendants have submitted evidence that he has received consistent mental health treatment. Given the extensive treatment outlined above, the Court cannot conclude that the plaintiff has shown a likelihood of success on the merits. Therefore, the Court will deny the plaintiff's motion for preliminary injunction and/or temporary restraining order.

<u>Defendants' Motion for Consolidation</u>

The defendants have filed a motion to consolidate this case with his other case, *Gulley-Fernandez v. Johnson*, Case No. 15-cv-995-RTR (E.D. Wis.). (Dkt. No. 53.) The defendants contend that the cases are appropriate for consolidation because the plaintiff raises the same claims in each case. In response, the

plaintiff agrees that the cases should be consolidated. The Court also agrees. *See* Fed. R. Civ. P. 42(a) (court may consolidate actions if they involve a common question of law or fact). Accordingly, the Court will grant the defendants' motion and consolidate Case Number 15-cv-795 and Case Number 15-cv-995. Pursuant to the Eastern District of Wisconsin's Local Rules, the cases will be consolidated under Case Number 15-cv-795. *See* Civil L.R. 42(b) (E.D. Wis.).

Although the claims raised in Case Numbers 15-cv-795 and 15-cv-995 are the same, there are overlapping defendants. In order to clarify the parties and claims in the newly formed case, the plaintiff should file an amended complaint by **April 22, 2016**.[1] This amended complaint must bear the docket number assigned to this case (15-cv-795) and must be labeled "Amended Complaint." The amended complaint supersedes all prior complaints and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

<u>Plaintiff's Motion to Consolidate and to Mediate Cases</u>

On March 10, 2016, the plaintiff filed a motion to consolidate cases in which, as noted above, he joins in the defendants motion to consolidate. (Dkt. No. 55.) Jointly with this motion the plaintiff filed a motion to mediate cases. He

---

[1] It appears that the plaintiff wants to proceed on retaliation and harassment claims related to his mental health and gender dysphoria claims. The plaintiff is advised that he should include all of his claims in the amended complaint, and that he should allege the personal involvement of defendants involved in his claims. The Court will screen the amended complaint under 28 U.S.C. § 1915A.

requests that the defendants file a motion for mediation. The plaintiff is advised that if the parties would like to mediate the case, they may notify the Court and the Court may then refer the case to a magistrate judge for settlement proceedings. However, the defendants have not indicated that they wish to pursue settlement at this time. The Court will not refer the case for mediation unless both parties are interested. Therefore, the Court will deny without prejudice the plaintiff's motion for mediation.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to dismiss defendants David Gardner and Gary Boughton (ECF No. 44) is **GRANTED**. Defendants Gardner and Boughton are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for diagnostic evaluation (ECF No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order and/or preliminary injunction (ECF No. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to consolidate cases (ECF No. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to consolidate cases (ECF No. 55) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to mediate cases

(ECF No. 55) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **CONSOLIDATED** with Case Number 15-cv-995-RTR. **All future filings related to Case Number 15-cv-795-RTR or Case Number 15-cv-995-RTR must be in <u>Case Number 15-cv-795-RTR</u>.**

**IT IS FURTHER ORDERED** that the plaintiff shall file a comprehensive amended complaint, as described herein, on or before **April 22, 2016**.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**