# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DOMINIQUE DEWAYNE GULLEY-FERNANDEZ,**

   Plaintiff,

  **-vs-**         **Case No. 15-CV-795**

**DR. TRACY JOHNSON, GARY ANKARLO,**
**DAVID GARDNER, WARDEN GARY BOUGHTON,**
**KEVIN KALLAS, CHRISTA K. MORRISON,**
**DR. SHIRLEY DAWSON, DR. DAWN LANDERS,**
**TIMOTHY HAINES, TROY HERMANS,**
**DR. TORRIA VAN BUREN, and CYNTHIA S. OSBORNE,**

   Defendants.

---

# DECISION AND ORDER

---

On March 21, 2016, the Court consolidated this case with *Gulley-Fernandez v. Johnson*, Case Number 15-cv-995-RTR (E.D. Wis.). (ECF No. 56.) The plaintiff filed his comprehensive amended complaint on March 31, 2016. (ECF No. 62.) He alleged that the defendants have failed to treat his gender identity disorder and mental health issues, and that the defendants have continued to house him near inmates who sexually harass and abuse him. On April 29, 2016, the Court screened the plaintiff's comprehensive amended complaint and allowed him proceed on these claims under the Eighth Amendment. (ECF No. 71.) The defendants filed an answer to the comprehensive amended complaint on May 23, 2016.

(ECF No. 82.)  The parties have filed several motions, which will be addressed herein.

## Defendants' Motion to Stay Discovery

On April 14, 2016, the defendants filed a motion to stay discovery pending entry of the Court's Screening Order.  (ECF No. 64).  This motion is moot because, as stated above, the Court screened the comprehensive amended complaint on April 29, 2016.

## Plaintiff's Motion for Mediation

On April 18, 2016, the plaintiff filed a motion to mediate this case. (ECF No. 65.)  He requests that the defendants file a motion for mediation. In response, the defendants state that they may be amenable to mediation at some point after they have had an opportunity to consider the plaintiff's claims and file an answer.  (ECF No. 75 at 2.)

Previously, the Court advised the plaintiff that if the parties wanted to mediate the case, they should notify the Court and the Court would then refer the case to a magistrate judge for settlement proceedings.  (ECF No. 56 at 9.)  The Court also advised that it would not refer the case for mediation unless both parties are interested.  Because both parties have not expressed an interest in mediation at this time, the Court will deny without prejudice the plaintiff's motion for mediation.

- 2 -

<u>Plaintiff's Motion Regarding Case Filings</u>

On April 18, 2016, the plaintiff filed a motion to lift the Court's "embargo" on mailing documents to the Court. (ECF No. 66.) He states that for unspecified "personal reasons," he would like to mail some documents to the Court instead of e-filing the documents. The plaintiff should provide information as to what his personal reasons are.[1] The Court will deny the plaintiff's motion because he did not state why he wants to mail documents to the Court instead of participate in the prisoner e-filing program.

<u>Plaintiff's Motion for Injunctive Relief</u>

On April 18, 2016, the plaintiff filed a motion for temporary restraining order and motion for injunctive relief. (ECF No. 67.) He requests immediate transfer to another institution based on harassment and retaliation from staff and inmates at Wisconsin Secure Program Facility (WSPF). Gulley states that certain defendants ordered another officer to search his property and destroy legal property. He also alleges that he is the target of repeated harassment by both inmates and guards at

---

[1] The plaintiff is advised that if he wishes to file documents under seal, he may do that via e-filing. The plaintiff should simply state on the cover page of any documents that he wishes to be filed under seal that such document should be filed under seal. If appropriate, the Court will then order the document to be filed under seal.

WSPF. He requests a transfer from WSPF to Racine, Oshkosh, or Columbia Correctional Institutions.

In response, the defendants contend that the plaintiffs allegations do not rise to the level to support a preliminary injunction because he cannot demonstrate that he is reasonably likely to succeed on the merits of his claims, and he cannot demonstrate the existence of irreparable harm without the injunction. According to the defendants, the plaintiff is in no danger of harm from correctional staff and, to the contrary, WSPF staff members are making their best efforts to keep him safe from his own behavior. The defendants describe these efforts as follows:

> In order to provide this court with as accurate a picture as reasonably possible of the challenges faced by correctional staff in managing the plaintiff, the defendants submit a declaration from a supervisor that is aware of the plaintiff's lawsuit and his present request for injunctive relief.

> As is demonstrated by Gardner's declaration, a conduct report was issued to Gulley for violating three prison policies following a cell search on March 31, 2016. (Gardner Decl., ¶¶ 10-11.) The search occurred not for any retaliatory purpose but because Gulley was scheduled to be moved from Alpha unit to Echo unit, and property searches are conducted as part of the moving process. (Gardner Decl., ¶¶ 10-12.) During the search, staff found three altered magazines. (*Id.*) It was discovered that the magazines originally belonged to another inmate, and that Gulley used the law library typewriter to create the new labels and then affixed them to the magazines to make it appear as if they were his. (Gardner Decl., ¶¶ 10.)

- 4 -

At no time did staff confiscate and destroy Gulley's property or legal documents, and at no time did staff conspire for certain inmates to create a situation that would result in Gulley moving back to a restrictive housing unit. (Gardner Decl., ¶¶ 13-15.) The Boscobel staff has taken significant affirmative steps in an attempt to keep Gulley in the general population setting. Boscobel has hired inmate mentors and had two mentors working closely with Gulley in an attempt to keep him in general population. (Gardner Decl., ¶¶ 16-18.)

Unfortunately, despite these efforts to assimilate Gulley into general population, he continues to yell or talk at the cell front and through the air vents about his sexual preferences which has led many of the other inmates getting aggravated, and has resulted in many complaints. (Gardner Decl., ¶¶ 18-19.) Regardless of the complaints, Boscobel staff continues to work with Gulley and at no time has the staff retaliated against him. (Gardner Decl., ¶¶ 20-21.)

This declaration demonstrates that: (1) plaintiff is a troubled individual with behavioral problems, (2) he is regularly receiving support at the prison, but (3) the nature of his ongoing actions and behavior results in the staff moving him to restrictive housing. None of the staffs actions resulted from retaliatory animus and instead were used to protect Gulley.

(ECF No. 75 at 5-6.)

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622

- 5 -

(7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In light of the defendants' submissions, the plaintiff has not demonstrated irreparable harm. He has also not shown a likelihood of success on the merits of his underlying claims. Based on the foregoing, the plaintiff's motion will be denied.

## Plaintiff's Motion for Summary Judgment

On May 2, 2016, the plaintiff filed a motion for summary judgment. (ECF No. 73.) In this two-page document, the plaintiff sets forth no facts and simply states that he should be transferred to another institution for treatment and to end the harassment he is subjected to at WSPF. The plaintiff's filing falls far short of what is required for a summary judgment motion. *See* Fed. R. Civ. P. 56; Civil L.R. 56 (E.D. Wis.). Accordingly, the Court will deny the plaintiff's motion for summary judgment.

## Defendants' Motion to Strike

On May 10, 2016, the defendants filed a motion to strike plaintiff's motion for summary judgment. (ECF No. 74.) Because the Court has denied the plaintiff's summary judgment motion, the defendants' motion to

- 6 -

strike is moot.

<u>Plaintiff's Motion to Dismiss</u>

On May 12, 2016, the plaintiff filed a motion to dismiss consolidated Case Number 2015-cv-795 and proceed with Case Number 15-cv-995. (ECF No. 77.) The defendants not oppose this motion but they seek clarification regarding the nature of the proceedings and the named defendants that survive the plaintiff's motion.

In Case Number 15-cv-995-RTR, the Court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim that the defendants refuse to treat his gender identity disorder. The complaint in Case Number 15-cv-995 also raised claims related to the plaintiff's mental health care, but the Court did not allow the plaintiff to proceed on those claims because he was already proceeding on them in Case Number 15-cv-795. The Court granted the defendants' unopposed motion to consolidate the two cases because they raised the same claims (although they did not name all of the same defendants). (ECF No. 56 at 7-8.)

After the plaintiff filed the instant motion to dismiss Case Number 15-cv-795 and proceed with Case Number 15-cv-995, he filed two identical amended complaints. (ECF No. 79, 80.) Not only are these complaints identical, they are also identical to the comprehensive amended complaint

- 7 -

that the plaintiff filed on March 31, 2016, which is the operative complaint in this case.

As an initial matter, given that the plaintiff did not seek leave of the Court to file the two identical amended complaints (ECF Nos. 79, 80), the Court will not consider them. Even if he had, the Court would deny the motion because the two complaints are identical to the operative comprehensive amended complaint.

That leaves the plaintiff's motion to dismiss Case Number 15-cv-795 and proceed on Case Number 15-cv-995. The Court is not clear what the plaintiff means with this motion, especially in light of his amended complaints.

The plaintiff is advised that he is proceeding on Eighth Amendment claims related to his mental health care and his treatment for his gender identity disorder. These claims include allegations that the defendants house him near inmates who harass and abuse him.

Based on the foregoing, the Court will deny without prejudice the plaintiff's motion to dismiss. If the plaintiff would still like to dismiss some claims and some defendants, he should notify the Court by filing a document to that effect within **ten days** of the date of this order. If he does not, the Court will enter a Scheduling Order based on the plaintiff's

claims, as described above, and as set forth in the comprehensive amended complaint.

Defendants' Motion to Strike

On May 23, 2016, the defendants filed a motion to strike the plaintiff's proposed amended complaint and a motion to stay defendants' obligation to respond to any further pleadings, motions, and discovery until such time as plaintiff's pleadings are in final form. (ECF No. 81.) Based on the foregoing, the Court will grant the defendants' motions. The Court will strike the plaintiff's two amended complaints (EFC Nos 79, 80).

Plaintiff's Motion to Quash

On May 26, 2016, the plaintiff filed a motion to quash defendants' motion to strike proposed amended complaint and motion to strike defendants' motion to stay defendants' obligation to respond to any further pleadings, motions, and discovery due to defendants not answering current pleadings. (ECF No. 86.) Based on the foregoing, the Court will deny as moot the plaintiff's motion to quash.

**ORDER**

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the defendants' motion to stay discovery pending entry of the Court's Screening Order (ECF No. 64) is **DENIED AS**

- 9 -

**MOOT**.

IT IS FURTHER ORDERED that the plaintiff's motion for mediation (ECF No. 65) is **DENIED**.

IT IS FURTHER ORDERED that the plaintiff's motion to allow use of U.S. Mail rather than only e-filing documents (ECF No. 66) is **DENIED**.

IT IS FURTHER ORDERED that the plaintiff's motion for temporary restraining order and motion for injunctive relief (ECF No. 67) are **DENIED**.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment (ECF No. 73) is **DENIED.**

IT IS FURTHER ORDERED that the defendants' motion to strike plaintiff's motion for summary judgment (ECF No. 74) is **DENIED AS MOOT.**

IT IS FURTHER ORDERED that the plaintiff's motion to dismiss lead Case 15-CV-795 and proceed with Case 15-CV-995 (ECF No. 77) is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that if the plaintiff wants to dismiss claims and/or defendants, he should file a motion to that effect within **ten days of the date of this order**. If the plaintiff does not file such a motion

- 10 -

within ten days of the date of this order, the Court will enter a Scheduling Order setting deadlines for the completion of discovery and for filing dispositive motions.

**IT IS FURTHER ORDERED** that the defendants' motion to strike plaintiff's proposed amended complaint and motion to stay defendants' obligation to respond to any further pleadings, motions, and discovery until such time as plaintiff's pleadings are in final form (ECF No. 81) are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's amended complaints filed on May 19 and 20, 2016 (ECF Nos. 79, 80) are **STRICKEN**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to quash and motion to strike (ECF No. 86) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**