# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOMINIQUE DEWAYNE GULLEY-FERNANDEZ,

    **Plaintiff,**

    v.                                                  Case No. 15-CV-795

DR. TRACY JOHNSON, GARY ANKARLO,
DAVID GARDNER, WARDEN GARY BOUGHTON,
KEVIN KALLAS, CHRISTA K. MORRISON,
DR. SHIRLEY DAWSON, DR. DAWN LANDERS,
TIMOTHY HAINES, TROY HERMANS,
DR. TORRIA VAN BUREN, and CYNTHIA S. OSBORNE,

    **Defendants.**

# ORDER

Defendant Cynthia S. Osborne has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] She contends that plaintiff's allegations against her do not rise to the level of "deliberate indifference" required to state a claim under the Eighth Amendment. Osborne seeks dismissal with prejudice on that basis. Defendant Osborne cites to the only allegations against her in the operative complaint (ECF No. 62) which allege where Osborne is employed and which also allege that on August 11, 2015, "Mr. Crespo informed Plaintiff Wilds-Ward that he was finishing his report concerning her Gender Dysphoria evaluation and that he recommended she see the GIDS specialist Cynthia S. Osborne." (ECF No. 62 at ¶ 44.)

In response to defendant Osborne's motion to dismiss, plaintiff filed a motion to dismiss Cynthia Osborne, although she seeks dismissal of Osborne without prejudice.

---

[1] Defendant Osborne is represented by separate counsel from the other defendants.

Plaintiff's filing does not address whether her scant complaint allegations state a claim against Osborne. They do not. Plaintiff does not allege that Osborne has had any involvement in her gender identity disorder treatment at the Wisconsin Secure Program Facility. Accordingly, I will grant Osborne's motion for dismissal with prejudice pursuant to Rule 12(b)(6).

Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction

On August 22, 2016, plaintiff filed a motion for temporary restraining order and/or motion for preliminary injunction. She seeks a court order to transfer her to another prison where she is not subjected to defendants' retaliation, harassment and discrimination, in particular from defendants Gardner, Boughton, and Johnson. Defendants' response to this motion is due by September 12, 2016.

Plaintiff's Motion for Discovery

On August 23, 2016, plaintiff filed a motion for discovery and inspection. Plaintiff states that she filed a motion for discovery and that defendants contend that her requests are unduly burdensome, vague, and ambiguous. Plaintiff's motion appears to be another discovery request to defendants. She does not request any action from the court. Thus, I will deny as moot plaintiff's motion.

With regard to discovery, plaintiff is advised that the way to obtain information during the course of this action is to make discovery requests of the defendants and not from the court. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the various ways in which a party can seek discovery. The plaintiff is advised that she should send her discovery requests to the appropriate defendant's attorney.

2

The court only becomes involved in the discovery process if a party fails to respond to interrogatories or requests for production of documents. Then, the other party may file a motion to compel discovery with the court, but only after conferring or attempting to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Such an attempt to resolve discovery disputes between parties is required before filing a motion to compel discovery. The motion should describe these efforts. See Fed. R. Civ. P 37(a); Civil L. R. 37 (E.D. Wis.).

Defendants' Motion to Stay and Request for Extension of Time

Defendants have filed a motion to stay the discovery and motion for summary judgment deadlines until the court issues an order on defendant Osborne's motion to dismiss and plaintiff's motion to dismiss. Defendants also request that the discovery deadline be sixty days after the court issues its decision on the pending motions, and that the dispositive motion deadline be thirty days after discovery closes. They seek additional time to depose plaintiff.

Because this order resolves Osborne's and plaintiff's motions to dismiss, defendants' motion to stay is moot. However, I will grant the request for additional time for the completion of discovery and to file dispositive motions.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant Osborne's motion to dismiss (ECF No. 95) is **GRANTED**. Defendant Osborne is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss Osborne (ECF No. 104) is **GRANTED** in part, as to the dismissal of Osborne, and **DENIED** in part, as to her request for dismissal without prejudice.

**IT IS FURTHER ORDERED** that defendants' response to plaintiff's motion for temporary restraining order and/or preliminary injunction is due by **September 12, 2016.**

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery and inspection (ECF No. 111) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay discovery and motion for summary judgment deadlines (ECF No. 114) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants' request to extend the deadlines for the completion of discovery and to file dispositive motions (ECF No. 114) is **GRANTED**. The June 20, 2016, Scheduling Order is amended as follows: the deadline for the completion of discovery is **November 4, 2016**, and the deadline for filing dispositive motions is **December 5, 2016**.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2016.

**BY THE COURT:**

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge