UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIQUE DEWAYNE GULLEY-FERNANDEZ,

    **Plaintiff,**

    v.                                  Case No. 15-CV-795

DR. TRACY JOHNSON, GARY ANKARLO,
DAVID GARDNER, WARDEN GARY BOUGHTON,
KEVIN KALLAS, CHRISTA K. MORRISON,
DR. SHIRLEY DAWSON, DR. DAWN LANDERS,
TIMOTHY HAINES, TROY HERMANS,
AND DR. TORRIA VAN BUREN,

    **Defendants.**

## ORDER

On October 25, 2016, plaintiff filed his "9th emergency motion for temporary restraining order/ and preliminary injunction hearing against the defendants." (Docket 130.) She requests that the court hold a hearing on her request for immediate transfer from the Wisconsin Secure Program Facility (WSPF) to another institution because she does not feel safe at WSPF due to alleged threats and harassment. Plaintiff references the October 21, 2016, telephonic status conference regarding her last motion for a preliminary injunction seeking transfer. At that status conference, plaintiff stated that she had a "PRC hearing" scheduled soon, and that she would be willing to dismiss this lawsuit if she were transferred to another institution. Defendants' counsel stated that he would talk to prison officials responsible for making prison transfer decisions to see what he could do.

In the instant motion, plaintiff states that since the October 21, 2016, status conference, WSPF security personnel informed her that she "will NOT be transferred from this prison (WSPF) without a court order or a TRO injunction." (Docket 130 at 2.) Based on being told this, plaintiff requests that I grant her request for a preliminary injunction and schedule another emergency court phone conference. However, the fact that WSPF security personnel advised plaintiff that she would not be transferred without a court order does not mean that she will not be transferred. Rather, as discussed at the October 21, 2016, status conference, I will wait for counsel for defendants to talk with prison officials who are responsible for making such decisions and report to the court on December 12, 2016. Accordingly, I will deny plaintiff's motion.

On October 27, 2016, defendants filed a motion to stay discovery and dispositive motion deadlines until after the December 12, 2016, status conference. (Docket 133.) The current deadlines for the completion of discovery and for filing dispositive motions are November 4, 2016, and December 5, 2016, respectively. Defendants cite several factors in support of their motion, including plaintiff's assertion that she will dismiss this case if she is transferred from WSPF. Defendants state that plaintiff has a hearing regarding prison placement scheduled for November 18, 2016. According to defendants, while the Department of Corrections does not make transfer decisions based upon pending litigation, it may be in the best interest of the parties to place this case on "hold" until after the December 12, 2016, status conference.

The court agrees. Accordingly, the court will stay deadlines in this case until the December 12, 2016, status conference. If, at that status conference, plaintiff informs

the court that she will continue her case, the court will set new deadlines for discovery and dispositive motions.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for temporary restraining order and preliminary injunction (Docket 130) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay discovery and dispositive motion deadlines (Docket No. 133) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2016.

**BY THE COURT:**

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge